# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KOTEVSKI,<br><br>    Plaintiff,<br><br>v.<br><br>PATEL et al,<br><br>    Defendants. | **RESTRICTED FILER CASE REVIEW ORDER**<br><br>Case No. 2:25-cv-00952-JNP-CMR<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Milan Michael Kotevski (Plaintiff or Mr. Kotevski) was placed on filing restrictions by the court on September 17, 2025.[1] The following filing restrictions were imposed upon Mr. Kotevski for future filings with this court in any matter in which he proceeds pro se and without paying a filing fee, or requesting leave to proceed in forma pauperis:

1. Any new civil complaint Mr. Kotevski submits to this court will be collected by the Clerk of the Court and sent to a Magistrate Judge for review.

2. The Magistrate Judge will then review the complaint to determine whether it is meritorious and should be filed, or whether it is meritless, duplicative, or frivolous.

3. If the Magistrate Judge determines that the complaint is meritless, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief District Judge for further review.

4. Only with the Chief District Judge's consent will the complaint be filed.

5. Mr. Kotevski's pleadings must be certified as provided in Fed. R. Civ. P. 11.

Consistent with these requirements, the clerk forwarded Mr. Kotevski's Complaint (ECF 1) in this matter to the undersigned magistrate judge for review to determine whether it is meritless,

---

[1] *See Kotevski v. Walton*, Case No. 4:25-cv-00086, Doc. No. 35.

duplicative, malicious, or frivolous. After reviewing Mr. Kotevski's Complaint and the attached documents, the court finds that the Complaint asserts no arguable claims, as the alleged facts supporting the Complaint are fantastic, delusional, and baseless.

A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The term "frivolous" refers to "the inarguable legal conclusion" and "the fanciful factual allegation." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (quoting *Neitzke*, 490 U.S. at 325). Inarguable legal theories include "those alleging an infringement of a legal interest that clearly does not exist" and claims whose factual contentions are clearly baseless." *Id*. at 1109 (citing *Neitzke*, 490 U.S. at 327). "Clearly baseless factual allegations are those that are 'fantastic' or 'delusional.'" *Id.* (quoting *Neitzke*, 490 U.S. at 327–28).

In contrast, "plausible" factual allegations, even if they lack evidentiary support, are not "frivolous" regardless of whether "[the claim] is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id*. at 1108–9 (quoting *Neitzke*, 490 U.S. at 327). A plausible claim includes "facts from which the court may reasonably infer Defendant's liability." *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162-63 (10th Cir. 2011). It is improper to dismiss a plausible claim based on frivolousness; instead, plausible claims should be dismissed for failure to state a claim under Rule 12(b)(6). *See Hall*, 935 F.2d at 1109 (10th Cir. 1991).

Put simply, plausible claims consist of facts that could support a legal claim and are dismissed if they do not satisfy Rule 12(b)(6) pleading standards. Conversely, frivolous claims are fundamentally unarguable because the facts presented are either fantastic, delusional, or baseless,

making them incapable of supporting any legal action. Thus, the main determination is whether the facts in Mr. Kotevski's Complaint are so fanciful, delusional, and or baseless that they could not form the basis of any legal action.

Mr. Kotevski's Complaint is divided into two sections. Section one deals with the alleged poisoning of his dog, Kawaii (ECF 1 at 1–33), and section two deals with Mr. Kotevski's alleged slavery (ECF 1 at 33–37). Plaintiff seeks to be freed from slavery, and a court order compelling Defendants[2] to pay $13,500 to the Eye Care for Animal Facility in Las Vegas for Kawaii's eye surgery (ECF 1 at 37–38). Despite the court's liberal reading of Mr. Kotevski's Complaint, the court finds that the Complaint states no arguable claims for relief and is therefore frivolous.

## I. Section I: Poisoning of Kawaii

In Section 1 of the Complaint, Mr. Kotevski asserts Defendants intentionally conspired against him to poison his dog, Kawaii (ECF 1 at 2-3). As a result of the alleged poisoning, Kawaii now has glaucoma, which requires her to undergo emergency surgery to preserve her eyesight (*id.*). Mr. Kotevski provides the following factual assertions to support his claim.

First and foremost, Mr. Kotevski asserts Defendants are all part of a "corrupt coverup" or "RICO Enterprise" and are working against Mr. Kotevski because of his various lawsuits against Defendants (*id.* at 5–7). As part of this "corrupt coverup", Defendants bribed an unknown conspirator to poison Kawaii (*id.* at 12). Defendants also allegedly bribed staff at Southwest Animal Emergency Clinic (the clinic where Mr. Kotevski took Kawaii after the alleged poisoning) to lie about Kawaii's condition to disprove any allegation of poisoning (*id.* at 16). Mr. Kotevski

---

[2] Mr. Kotevski brings this action against: Kash Patel, Dan Bongino, John Ratcliffe, Pam Bondi, Vanita Gupta, Lisa Monaco, Merrick Garland, Michael Ellis, Dustin J. Gard-Weiss, Pete Hegseth, Tulsi Gabbard, William J. Hartman, Sheila Thomas, Joseph Francescon, Christine Roman, Maj. Gen. Matteo Martemucci, Cmsgt Kenneth M. Bruce, Jr., Tricia Mclaughlin, Kristi Noem, Troy Edgar, Christopher C. Pratt, Joseph N. Mazzara, Benjamine C. Huffman, Ben Netanyahu, Todd M. Lyons, Mossad, 5 Eyes, and the DOJ, FBI, CIA, NSA, and IDF.

claims that the staff from Southwest Animal Emergency Center confirmed that Kawaii's file was altered (*id.*). Lastly, Mr. Kotevski claims that Kawaii's glaucoma is not natural, as it began to develop after the alleged poisoning, and that Chris Smith, a licensed veterinarian, has affirmed Mr. Kotevski's observations (*id.* at 20-21).

As a result of the alleged poisoning, Mr. Kotevski claims he has causes of action under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 18 U.S.C. § 1962(D), 18 U.S.C. § 242, the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. § 1986, and for violation of his rights under the First, Fifth, and Eighth Amendments to the U.S. Constitution (*id.* at 5, 13, and 23).

Although Plaintiff's Complaint asserts the above-mentioned constitutional and statutory violations, the court finds it unnecessary to address how Plaintiff has failed to plead the required elements for each cause of action. This is because Plaintiff's facts in support of these causes of action are fantastic, delusional, and or baseless. Even liberally construing the facts discussed in the Complaint, the facts are so fantastic and delusional that they could be asserted against virtually anyone if Plaintiff believes they are part of the supposed conspiracy against him.

In short, Plaintiff's assertion that officials from the US, Israel, Great Britain, and India are secretly conspiring against him due to his lawsuits is a prime example of unfounded and fantastical allegations, which are so baseless that they cannot support any legal claim. Although it is apparent that Kawaii's condition is distressing to Mr. Kotevski, the court finds that Section I of Mr. Kotevski's Complaint states no arguable claim for relief because the factual support consists of baseless assertions that contain nothing more than fanciful and fantastic allegations.

II. **Section II: Plaintiff's Slavery**

In Section II of Mr. Kotevski's Complaint, he asserts that on January 9, 2024, Judge Jenkins indefinitely enslaved him (ECF 1 at 34). Plaintiff provides no coherent factual or legal support for his "enslavement", but rather, uses most of this section to express his frustration towards specific individuals. Accordingly, Section II of Kotevski's Complaint is meritless. *See United States ex rel. Brooks v. Stevens-Henager Coll.*, 305 F. Supp. 3d 1279, 1307 (D. Utah 2018) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness, and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.") (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).

For these reasons, Mr. Kotevski's Complaint should not be accepted for filing and should be returned to him unfiled. Accordingly, I hereby forward Mr. Kotevski's Complaint and related submissions to the Chief District Judge for review.

DATED this 8 December 2025.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

Upon final review, the undersigned concurs with the magistrate judge's analysis and order that the materials Mr. Kotevski has submitted in this matter be returned to him unfiled. Any filing fee associated with Mr. Kotevski's filing in this matter shall be returned to him.

DATED this ____ day of _____, 2025.

BY THE COURT:

_____
Jill N. Parrish
Chief United States District Judge